# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>   Plaintiff,<br><br>   v.<br><br>PAT L. VASQUEZ, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:06-cv-01758-OWW-LJO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 7) |

Plaintiff Lee Edward Peyton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 3, 2006. On January 3, 2007, plaintiff filed an amended complaint and on January 16, 2007, plaintiff filed a motion seeking an order mandating his transfer from High Desert State Prison, where he alleges he fears for his safety.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

1  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
2  Id.

3  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is not yet an actual case or controversy before the court. Plaintiff has not yet paid the filing fee in full or file a completed application to proceed in forma pauperis. As such, plaintiff is not yet entitled to proceed forward with his action. In addition, once plaintiff either pays the filing fee or files a completed application to proceed in forma pauperis, plaintiff will not be entitled to proceed until the court screens his complaint and makes a finding that it states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action.

Assuming that the court makes such a finding at a future juncture and one or more defendants are served and make an appearance in this action, plaintiff will still not be entitled to the relief he seeks in his motion. Plaintiff's claims arise from conditions he was allegedly subjected to while at Wasco State Prison and California Substance Abuse Treatment Facility and State Prison, Corcoran. Plaintiff is currently housed at High Desert State Prison and seeks an order mandating his transfer out of that facility. Plaintiff's claims in this action arise from past conditions of confinement at Wasco and SATF. The court does not and will not have jurisdiction in this action over prison officials at High Desert State Prison.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

1  **days** after being served with these Findings and Recommendations, plaintiff may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
5  1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  Dated:     **January 25, 2007**            /s/ Lawrence J. O'Neill
    b9ed48                                   UNITED STATES MAGISTRATE JUDGE

3