# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>        Plaintiff,<br><br>    v.<br><br>PAT L. VASQUEZ, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01758-OWW-NEW (DLB) PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO COMPLY WITH COURT'S ORDER OF FEBRUARY 15, 2007, WITHIN THIRTY DAYS<br><br>(Doc. 17) |

Plaintiff Lee Edward Peyton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2007, United States District Judge Lawrence J. O'Neill issued an order denying plaintiff's motion for immediate assistance and to hold Warden Felker in contempt. (Doc. 13.) On March 5, 2007, plaintiff filed a motion seeking reconsideration. (Doc. 17.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce

the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff has set forth no grounds entitling him to reconsideration of Judge O'Neill's order. Plaintiff's disagreement with the Court's decision does not entitle him to reconsideration, and plaintiff's position that the Court has jurisdiction over Warden Felker is incorrect.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice, and plaintiff SHALL comply with the Court's order of February 15, 2007, within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   March 13, 2007**             /s/ Oliver W. Wanger
emm0d6                                    UNITED STATES DISTRICT JUDGE