# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>    Plaintiff,<br><br>    v.<br><br>PAT L. VASQUEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01758-OWW-NEW (DLB) PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 31) |

Plaintiff Lee Edward Peyton ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 21, 2007, the Court adopted the Magistrate Judge's Findings and Recommendations filed on January 26, 2007, and denied plaintiff's motions for preliminary injunctive relief. (Docs. 19.) On March 27, 2007, plaintiff filed untimely objections, which were stricken from the record on April 10, 2007. (Docs. 20, 21.) On May 8, 2007, plaintiff filed a motion requesting that the Court review his untimely objections. (Doc. 31.) The Court construes plaintiff's motion as one seeking review of his objections and reconsideration of the Court's order denying his motions for preliminary injunctive relief. Fed. R. Civ. P. 60(b)(6); Local Rule 78-230(k).

Plaintiff's complaint was screened by the Magistrate Judge on May 16, 2007, and found to set forth cognizable claims for relief against defendants Kuykendall, Wilson, Garcia, Kirby, Elias, and Holbuin for use of excessive physical force, in violation of the Eighth Amendment. (Doc. 32.) However, plaintiff's complaint does not state any other claims for relief and plaintiff is currently

///

1  under a thirty-day deadline to either file an amended complaint or notify the Court of his willingness
2  to proceed only on his cognizable excessive force claims. (Docs. 32, 34.)
3         Plaintiff is housed at High Desert State Prison, and plaintiff's cognizable excessive force
4  claims accrued on April 4, 2004 at a different prison. Plaintiff's claims which were found not to be
5  cognizable were also based on past events which allegedly occurred at prisons other than High
6  Desert. Plaintiff is not entitled to any equitable relief in this action concerning his current conditions
7  of confinement, as plaintiff's claims arise from past conduct for which there is an adequate remedy
8  at law, and plaintiff is no longer housed at the prisons where his claims accrued. City of Los Angeles
9  v. Lyons, 461 U.S. 95, 103 S.Ct. 1660 (1983); Jones v. City of Los Angeles, 444 F.3d 1118 (9th Cir.
10 2006); 18 U.S.C. § 3626(a)(1)(A).
11        Plaintiff's motions for preliminary injunctive relief were properly denied on March 21, 2007,
12 and plaintiff's motion for reconsideration of the denial of his motions is HEREBY DENIED, with
13 prejudice.
14
15 IT IS SO ORDERED.
16 **Dated:   August 15, 2007**              **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE
17
18
19
20
21
22
23
24
25
26
27
28