# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD PEYTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAT L. VASQUEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01758-OWW-GSA PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8(A), AND REQUIRING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT WHICH COMPLIES WITH THIS ORDER WITHIN THIRTY DAYS<br><br>(Doc. 37) |

**Screening Order**

**I.    Procedural History**

　　Plaintiff Lee Edward Peyton ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 6, 2006, and on January 3, 2007, filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a). On May 16, 2007, the Court issued an order finding that Plaintiff's amended complaint stated cognizable claims for relief against Defendants Kuykendall, Wilson, Garcia, Kirby, Elias, and Holbuin for use of excessive physical force, in violation of the Eighth Amendment, but did not state any other claims upon which relief may be granted under section 1983. Plaintiff was ordered to either file a second amended complaint or notify the Court of his willingness to proceed

///
///
///

only on his cognizable excessive force claims. On August 14, 2007, Plaintiff filed a second amended complaint accompanied by voluminous exhibits.[1]

## II. Failure to Comply with Rule 8(a)

Plaintiff's first amended complaint was twenty-two pages long, and, in light of the fact that Plaintiff set forth allegations concerning treatment of prisoners other than himself, it was unnecessarily lengthy. (Doc. 32, Order, 2:14-19.) The Court reviewed all of the allegations and provided Plaintiff with specific notice regarding the claims that were deficient. Omission of the allegations concerning other prisoners should have led to the submission of a shorter pleading or at least a pleading not dissimilar in length. Plaintiff opted to file a second amended complaint rather than proceed only on his excessive force claims, and submitted a rambling, sixty-five page pleading. The Court has reviewed the pleading and there is no justification for its length.

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Because the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ," Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted), Plaintiff must allege facts sufficient to demonstrate what happened to him and to make a showing that what happened to him rose to the level of a constitutional violation, but it is unnecessary for Plaintiff to provide a lengthy narrative setting forth every detail regardless of how trivial or irrelevant. Further, Plaintiff should not make legal arguments in his pleading.

The Court will provide Plaintiff with the opportunity to file a third amended complaint. Plaintiff's third amended complaint may not exceed twenty-five pages in length and while Plaintiff may include exhibits, they are not necessary. If Plaintiff opts to submit exhibits, he must cite to them

---

[1] The exhibits were not electronically filed due to their volume and are maintained in paper.

with specificity and he may not rely on them to state his claims for him. If Plaintiff's third amended complaint exceeds twenty-five pages, it will be stricken from the record. Further, Plaintiff may not add any new claims. Plaintiff's third amended complaint is limited to those claims raised in the first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### III. Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to comply with Rule 8(a);
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;
4. The third amended complaint may not exceed twenty-five pages in length and if it is accompanied by exhibits, Plaintiff may not rely upon the exhibits to state his claims for him;
5. If Plaintiff's third amended complaint exceeds twenty-five pages in length or otherwise violates this order, it will be stricken from the record; and
6. The failure to file a third amended complaint in compliance with this order will result in dismissal of this action, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **September 5, 2008**          /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE